United States District Court
Southern District of Texas
**ENTERED**
October 30, 2015
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| TYRONE HURT, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. H-15-2602 |
| | § | |
| BRIAN ENCINIA, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM AND OPINION

Tyrone Hurt, a citizen of the District of Columbia, sued in August 2015. Hurt, proceeding *pro se* and *in forma pauperis*, submitted handwritten correspondence that was filed as a civil rights lawsuit under 42 U.S.C. § 1983.

Hurt's 5-page submission appears to allege that a Texas state trooper violated the civil rights of a third party, Sandra Bland. Hurt includes three newspaper articles relating to the incident. Hurt seeks $1,000,000.00 in compensatory damages. Hurt initially filed this lawsuit in the Eastern District of Texas. That court determined that Hurt was complaining of events in Waller County, Texas and transferred the suit to the Southern District of Texas on September 8, 2015. (Docket Entry No. 3).

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires "a short and plain statement of the claim showing that the pleader is entitled to relief," and Rule 8(d)(1) requires that each allegation be "simple, concise, and direct." Rule 10 requires that:

> (a) Caption; Names of Parties. Every pleading must have a caption with the court's name, a title, a file number, and a Rule 7(a) designation. The title of the complaint must name all the parties; the title of other pleadings, after naming the first party on each side, may

>  refer generally to other parties.
>  (b) Paragraphs; Separate Statements. A party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances. A later pleading may refer by number to a paragraph in an earlier pleading. If doing so would promote clarity, each claim founded on a separate transaction or occurrence-- and each defense other than a denial--must be stated in a separate count or defense.

FED. R. CIV. P. 10(a), (b). Hurt's complaint fails to meet these requirements.

A district court may summarily dismiss a complaint filed *in forma pauperis* if it "is frivolous or malicious." 28 U.S.C. § 1915(e)(2)(B)(i). A complaint is frivolous if it lacks an arguable basis in either law or fact. *Neitzke v. Williams,* 490 U.S. 319, 325 (1989); *Henson-El v. Rogers,* 923 F.2d 51, 53 (5th Cir.), *cert. denied,* 501 U.S. 1235 (1991). A complaint is without an arguable basis in law if it is grounded on an untenable or discredited legal theory. *Neitzke,* 109 S. Ct. at 1831.

A claim is frivolous when the legal theory is 'indisputably meritless.'" *Harris v. Hegmann,* 198 F.3d 153, 156 (5th Cir. 1999); *see also Denton v. Hernandez,* 504 U.S. 25, 32 (1992). Hurt does not allege how his civil rights were violated. Nor does he explain how he was personally involved with the incident involving Sandra Bland in Waller County. The complaint is dismissed as frivolous and for failure to state a claim. 28 U.S.C. § 1915(e)(2)(B)(i), (ii).

Hurt has an extensive litigation history. In Civil Action Number 3:12-4187, the United States District Court for the Northern District of California summarized that history, as follows:

> . . . . [I]t is clear that Plaintiff has filed a great number of frivolous lawsuits. . . .
>
> Initially, Plaintiff's complaints and other filings are often vague, confusing, or unintelligible. A number of courts dismissing Plaintiff's claims have found it difficult to discern exactly what [] facts and legal theories he is asserting. Where Plaintiff's claims can be discerned, they are generally based on specious legal theories. For

example, a number of his complaints have alleged violations of the Eighth Amendment but failed to allege that any of the defendants were government actors or acting under the color of state law. In other cases, he has alleged that various state and local government entities were illegitimate and should be disbanded because they are not mentioned in the U.S. Constitution. Still other complaints allege violations of unspecified "human rights," "humanitarian order," or "world order." Plaintiff has at times continued to press these theories in new cases even after they have been rejected by courts in earlier cases. *See Hurt v. American Governors*, 3:12-cv-03052-EMC (allegations that governors, mayors and Washington D.C. police force should be disbanded because not mentioned in U.S. Constitution dismissed August 28, 2012); *Hurt v. Corporation Council Office et al*, 4:12-cv-04737-YGR (same allegations, filed September 11, 2012). Other times, he has filed cases with identical or near-identical allegations in rapid succession. *See Hurt v. United States Of America*, 4:12-cv-03142-PJH (alleging that same-sex marriage violates the Eighth Amendment, filed June 15, 2012); *Hurt v. United States of America*, 4:12-cv-03240-PJH (same, filed June 22, 2012).

Plaintiff's complaints often seem to concern sweeping allegations of societal wrongs, or specific wrongs to which he appears to have no direct personal relationship. In his complaints, Plaintiff fails to allege any facts indicating that he has standing to bring suit to redressed these alleged wrongs. Plaintiff repeatedly fails to show how he has been personally injured, and why he has standing to bring the case. For example, he offers no facts or legal theory that would allow him to assert the rights of O.J. Simpson, Trayvon Martin, or the girls who were killed [in the] Birmingham bombing of the Sixteenth Street Baptist Church. Similarly, he fails to explain how he has standing to bring complaints regarding same-sex marriage, the death penalty, and the Vietnam War.

In addition to advancing frivolous legal theories, Plaintiff's complaints often fail to name a clearly identifiable defendant, or has named defendants who are immune to suit. In the case at bar, for example, Plaintiff names as a defendant "All Sweepstakes Contests."

Other suits have been filed against "American Governors" and "50 States and the City of Washington." Still other suits have been filed against former presidents, and currently sitting federal judges.

This Court thus finds that Plaintiff has filed a significant number of

> frivolous lawsuits in this district in the past year. He has repeatedly filed suits where there is no discernible factual basis for the substantive claim, or for his standing to bring the claim. In these suits, he has asserted a wide variety of patently meritless legal theories. Accordingly, this Court finds that Plaintiff is a vexatious litigant and that a pre-filing order is appropriate.
> . . .
> For the foregoing reasons, Plaintiff is hereby **DECLARED** a vexatious litigant.

*Hurt v. All Sweepstakes Contests,* Civil Action Number 3:12-4187 (N.D. Cal. January 11, 2013).

A national litigation index reveals that since 1985, Hurt has filed at least 468 civil actions in federal courts across the country. Even if Hurt seeks leave to amend the complaint, the court determines, based on Hurt's extensive litigation history, that any amendment would be futile. *Stripling v. Jordan Prod. Co.,* 234 F.3d 863, 872–73 (5th Cir. 2000) ("It is within the district court's discretion to deny a motion to amend if it is futile [, including when] the amended complaint would fail to state a claim upon which relief could be granted.").

Because Hurt's complaint fails to state any cognizable claim for relief against any defendant, the court dismisses the complaint with prejudice as frivolous under 28 U.S.C. § 1915(e)(2)(B). In light of the sanctions imposed previously, this court will not grant leave for Hurt to proceed with the instant civil rights complaint by submitting an amended complaint.

Hurt's motion to proceed as a pauper, (Docket Entry No. 1), is granted. Hurt's complaint lacks an arguable basis in law, and his claims are dismissed with prejudice under 28 U.S.C. § 1915(e)(2)(B)(i). Alternatively, Hurt's claims are barred by outstanding sanctions imposed by the United States District Court for the Northern District of California. Any remaining pending motions are denied as moot.

The Clerk will provide a copy of this order by regular mail, facsimile transmission, or e-mail to the District Clerk for the Eastern District of Texas, 211 West Ferguson, Tyler, Texas 75702, Attention: Manager of the Three-Strikes List.

SIGNED on October 30, 2015, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge